PAUL ALLEN O'BRIEN, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 12147

October 26, 1981                                    634 P.2d 1206

*Leavitt, Graves & Leavitt,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General; *Robert Miller,* District Attorney, and *James Tufteland* and *Gerald Waite,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

O'Brien was convicted of robbery and the penalty was enhanced because he used a deadly weapon in the commission of the crime.

On September 27, 1978, at about 9:30 a.m., the Decatur Vegas Village Store in Las Vegas, Nevada, was the scene of an armed robbery. Two employees observed a white male adult in the store carrying a brown paper shopping-type bag with what appeared to be two shotgun barrels sticking out of one end of the bag. The cashier on duty was at her check-stand when the suspect approached her, laid the brown bag on the counter, demanded money, ordered her onto the floor, and fled through the front doors. A bookkeeper at Vegas Village observed the suspect run from the store and enter a tan colored van. She observed that he remained in the van for a few minutes before driving away. After receiving a description of the van supplied from a witness to a similar robbery on October 10, 1978, detective Ron Olthoff recognized the van and kept it under surveillance until dark, when he sealed it and had it towed to the police laboratory.

The police began surveillance of appellant's residence on October 10, 1978. His wife, Sandra O'Brien, signed a consent for the search of the van. As a result of the search, a brown paper bag, double-barreled shotgun, ammunition and cash were seized. The next day, appellant was arrested and advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). He was subsequently convicted by a jury and sentenced to 15 years on the robbery conviction and 15 years for the use of a deadly weapon in the commission of a crime. The sentences were to run consecutively.

Appellant contends that on October 11, 1978, when the detectives transported him to the police department, he should not have been questioned after he stated that he did not wish to answer some of the questions without consulting an attorney or without having an attorney with him. We agree.

The state contends that the appellant never expressed an intention to exercise his Fifth Amendment privilege so as to preclude all questioning. It claims that the appellant only objected to specific questions, and that the police scrupulously honored these objections by asking other questions, and that any admission which was gained as a result of further questioning was properly admissible. The state's position is without legal support.

In Miranda v. Arizona, *supra,* the United States Supreme Court explicitly stated: "If the individual states that he wants an attorney, the interrogation must cease until an attorney is present". 384 U.S. at 474. Cf. Michigan v. Mosley, 423 U.S. 96 (1975); Rhode Island v. Innis, 446 U.S. 291 (1980).

In the case at bar, the appellant did not want to talk about the robbery. The questions he was asked after his requesting an attorney related directly to the robbery. The police officers clearly and persistently violated the mandate of the high court. Because of the admission of appellant's statements, the judgment of conviction must be reversed and the case remanded for a new trial.

We need not consider the appellant's other assignments of error.

GUNDERSON, C. J., and MANOUKIAN and MOWBRAY, JJ., and GRIFFIN, D. J.,[1] concur.